UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

BREANNE RENAE BERRY

              Plaintiff,         6:16-cv-06727-MAT

      -v-                  **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

              Defendant.

_____


## INTRODUCTION

Breanne Renae Berry ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

## PROCEDURAL BACKGROUND

On January 14, 2013, Plaintiff protectively filed applications for DIB and SSI, alleging disability as of July 15, 2012, due to arthritis, fibromyalgia, intervertebral disc degeneration, cervicalgia, bilateral knee pain, spinal thoracic pain, carpal tunnel, and lumbar spondylosis. Administrative

Transcript ("T.") 161-65. The claims were initially denied on June 25, 2013. T. 84-87. At Plaintiff's request, a hearing was conducted on March 6, 2015, in Rochester, New York by administrative law judge ("ALJ") Brian Kane, with Plaintiff appearing with her attorney. A vocational expert ("VE") also testified. T. 30-57. The ALJ issued an unfavorable decision on April 8, 2015. T. 5-19. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on September 7, 2016, making the ALJ's decision the final determination of the Commissioner. T. 1-3. This action followed.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2014. T. 10.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 15, 2012, the alleged onset date. *Id.*

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: fibromyalgia, attention deficit hyperactivity disorder, and degenerative disc disease. *Id.*

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 11.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations: can only occasionally bend, stoop, and crouch; and cannot perform complex tasks, but is able to understand, carry out, and remember simple instructions. T. 12.

At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. T. 17. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. T. 18. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id*.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings

"as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand is warranted because the ALJ's determination that Plaintiff was able to sit uninterrupted for six hours out of an eight-hour workday, except for normal breaks, was not supported by substantial evidence. For the reasons discussed below, the Court finds Plaintiff's argument is without merit and affirms the Commissioner's final determination.

## I.    The Relevant Medical Opinions

The record includes medical opinions pertaining to Plaintiff's ability to sit from consultative examiner Dr. Harbinder Toor, nurse practitioner Virginia Cartwright, and internist Dr. Nisha Gupta.

## A.  Opinion of Consultative Examiner Dr. Harbinder Toor

On May 29, 2013, Plaintiff was examined by Dr. Toor. T. 330-34. Upon examination, Plaintiff had a normal gait, was able to walk heel-to-toe normally, and was able to squat fifty percent due to pain in her knees. T. 331. Dr. Toor noted Plaintiff had trigger points for fibromyalgia in the knees, lower back, and hip area, as well as her shoulder area. T. 332. Dr. Toor diagnosed Plaintiff with history of arthritis in the back, history of fibromyalgia with a few trigger points, history of carpal tunnel syndrome bilaterally, history of asthma, history of insomnia, and history of dizziness. T. 333. Dr. Toor opined Plaintiff's prognosis was fair. *Id*. In his source statement, Dr. Toor opined Plaintiff had mild to moderate limitations standing, walking, squatting, sitting, bending, lifting or twisting of the cervical spine, and reaching. *Id*. He further opined that pain due to arthritis, fibromyalgia, and carpal tunnel syndrome would interfere with Plaintiff's physical routine. *Id*.

In his decision, the ALJ gave little weight to Dr. Toor's opinion, noting that limitations with respect to Plaintiff's cervical spine were not supported by the longitudinal record, which showed a full range of motion at that time. T. 16.

## B.  Opinion of Treating Nurse Practitioner Virginia Cartwright

On May 27, 2013, Plaintiff's treating nurse practitioner ("NP") Virginia Cartwright completed an employability assessment,

opining that Plaintiff was moderately limited in walking, standing, sitting, lifting, carrying, pushing, pulling, bending, and climbing stairs. T. 339. NP Cartwright opined Plaintiff's prognosis was good and that Plaintiff's restrictions were expected to last four-to-six months. T. 338-39.

The ALJ gave "some weight" to NP Cartwright's opinion, noting that the treatment relationship between Plaintiff and NP Cartwright had existed for a short period and contained only a few objective findings in support of Plaintiff's claimed restrictions. *Id*.

### C.  Opinion of Internist Dr. Nisha Gupta

On December 27, 2013, following a single examination, Dr. Gupta opined that Plaintiff would be able to work for up to forty hours per week, with reasonable accommodations. T. 343. Specifically, Dr. Gupta opined Plaintiff needed accommodations due to her inability to lift, push, or pull heavy objects, and her inability to sit or stand for long periods of time. T. 344. Dr. Gupta opined Plaintiff's prognosis was good and her limitations would last six months. T. 343-44. Upon examination, Plaintiff had a normal gait and was able to walk heel-to-toe. T. 345. Plaintiff had difficulty squatting due to pain. *Id*. All other examination findings were normal. T. 345-46. Dr. Gupta noted that Plaintiff's main complaints were fibromyalgia for two-to-three years, with constant back pain and leg pain just above the knees. T. 344. Despite the normal findings upon examination, Dr. Gupta opined Plaintiff was moderately limited in her ability to walk and very

limited in her ability to stand, sit, push, pull, bend, lift, and carry. T. 346.

The ALJ gave little weight to Dr. Gupta's opinion. T. 17. The ALJ noted that although Dr. Gupta's examination of Plaintiff demonstrated largely benign findings, her opinion seemed to fully credit Plaintiff's allegations of pain. *Id*. He further noted that the opinion was based on a single evaluation where the only abnormal finding was Plaintiff's subjective complaint of tenderness. *Id*. Moreover, the ALJ noted that Dr. Gupta's opinion was inconsistent with the record as a whole, including Dr. Toor's opinion. *Id*.

## II. The ALJ's RFC Finding is Supported by Substantial Evidence

Sedentary work, as defined in Social Security Ruling ("SSR") 83-10, generally involves sitting for approximately six hours total during an eight-hour workday, with normal breaks. Plaintiff argues the ALJ failed to support his finding that Plaintiff was capable of such work in light of the opinions of Dr. Toor, NP Cartwright, and Dr. Gupta that indicated Plaintiff would have a mild to moderate limitation with sitting. For the reasons set forth below, the Court disagrees.

As a threshold matter, the Court notes that it is questionable whether the ALJ's RFC finding is in fact inconsistent with the medical opinions of record. Several courts in this Circuit have upheld an ALJ's decision that the claimant was capable of performing light or sedentary work even with evidence that the

claimant had moderate difficulties in prolonged sitting or standing. *See, e.g., Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, at *4 (W.D.N.Y. June 30, 2014) (citing *Hammond v. Colvin*, No. 12-cv-965, 2013 WL 4542701, at *6 (N.D.N.Y. Aug. 26, 2013); *Stacey v. Comm'r of Soc. Sec.*, No. 09-cv-0638, 2011 WL 2357665, at *6 (N.D.N.Y. May 20, 2011)). However, for the reasons set forth below, even assuming that the ALJ's RFC finding is inconsistent with the opinions of Dr. Toor, NP Cartwright, and Dr. Gupta, it is nonetheless supported by substantial evidence.

In his decision, the ALJ noted that the record contains little objective evidence suggesting Plaintiff has a condition that would reasonably be expected to cause extreme pain and the consequent limitations she alleges. T. 13. In particular, the ALJ noted x-rays of Plaintiff's knees revealed normal studies (T. 14 *referring to* T. 292), an MRI of Plaintiff's lumbar spine showed either mild or non-degenerative disc changes in the lumbar spine and no disc herniation, stenosis, or neural foraminal narrowing (T. 14 *referring to* T. 288, 299). A thoracic MRI revealed mild cord contact by a broad, shallow bulge at T11-12, with no altered cord signal, and an otherwise unremarkable study. T. 14 *referring to* T. 298.

The ALJ also noted that Plaintiff's treatment has been essentially routine and she did not keep referrals to both a pain clinic and physical therapy. T. 13-15 *referring to* T. 221 and T. 306. The ALJ also noted the medical record indicated concern

with Plaintiff's overuse of methadone and her high risk for opioid abuse. T. 14 *referring to* T. 216; *see also* T. 306.

In 2013, Plaintiff was involved in a series of car accidents that she stated exacerbated her back pain. T. 351. However, upon examination following the accidents, Plaintiff exhibited a normal gait, negative straight leg raise testing, full muscle strength, normal range of motion in her neck, and no neurological deficits. *Id*. The ALJ noted that all objective testing in 2014 was within normal limits, despite Plaintiff's subjective complaints of significant pain. T. 15. Additionally, Plaintiff reported in May and June 2014 that her pain medications were beneficial and working well. *Id*. *referring to* T. 379, 388.

The ALJ further noted Plaintiff reported in her Adult Function Report that she is able to engage in a wide range of activities pertaining to the maintenance of her home and the care of her four young children, provided she does not need to stand for long periods of time or engage in repetitive bending. T. 13 *referring to* T. 174. Plaintiff further reported that sitting is not a significant problem, so long as her back is supported and she is able to change the position of her legs after about twenty minutes. T. 179.

Based on the foregoing, the ALJ's finding that Plaintiff is capable of performing sedentary work, with the additional limitations of only occasional bending, stooping, and crouching, is well-supported by the record. The ALJ relied not only on the

objective medical evidence of record in making his assessment, but Plaintiff's own statements that sitting did not bother her and that she is able to engage in a wide range of activities, provided she does not need to stand for long periods of time or engage in repetitive bending. T. 13 *referring to* T. 176-79.

Plaintiff argues the ALJ failed to specifically explain why Plaintiff would be capable of performing the sitting requirements associated with sedentary work. The Court finds this argument lacks merit. As the ALJ explained in detail in his decision, the objective evidence of record fails to support the conclusion that Plaintiff has any significant limitations in her ability to sit. Specifically, the ALJ noted Plaintiff's radiology findings, along with her physical examinations essentially showed full strength, full range of motion, and intact neurological status. T. 13. Furthermore, both NP Cartwright and Dr. Gupta opined Plaintiff would be capable of working full-time, with reasonable accommodations for Plaintiff's limitations which were expected to last four to six months. T. 16-17.

The ALJ was also within his discretion in choosing to not fully credit the medical opinions of record that were not supported by objective findings. An ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion"); *Breinin v. Colvin*,

No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion."). Instead, the ALJ is required to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta*, 508 F. App'x at 56. Furthermore, an ALJ is permitted to discount portions of a consultative examiner's opinion were they are not supported by the medical evidence of record. *See Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (ALJ did not commit reversible error "by dismissing a portion of the opinion of [the] consultative examiner"). Here, the ALJ appropriately explained in detail why he did not fully credit the relevant medical opinions, and set forth the evidence supporting his conclusion that Plaintiff was capable of performing the requirements of sedentary work, with some additional limitations.

Moreover, and as the ALJ noted in his decision, Plaintiff's attorney included additional limitations in a hypothetical posed to the VE at the hearing, including an allowance for unscheduled position changes, fine motor coordination limitations, and an additional limitation on twisting and turning of the cervical spine. T. 17 *referring to* T. 48. The VE testified that even with these additional restrictions, the hypothetical individual would be able to perform the position of surveillance system monitor. T. 48.

As such, even if the ALJ had included these additional restrictions in his RFC finding, a finding of not disabled would still have followed. Any error by the ALJ in not incorporating additional postural limitations was therefore harmless, and not a basis for remand. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) ("Where application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration.") (quotation and alterations omitted).

For all the foregoing reasons, the Court finds that Plaintiff has not demonstrated that remand of this matter is warranted.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 13) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 18) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     November 29, 2018
           Rochester, New York